UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



-------------------------------------------------------------------X

JOHN W. GILDAY, as Executive Director of
the ELECTRICAL INDUSTRY BOARD OF NASSAU
AND SUFFOLK COUNTIES, NEW YORK,
ROY RICHEY, as Chapter Manager of the
Long Island Chapter of the NATIONAL ELECTRICAL
CONTRACTORS ASSOCIATION, INC. and JOHN
DOE and JANE DOE, beneficiaries of the TRUST
FUNDS administered by the ELECTRICAL INDUSTRY
BOARD OF NASSAU AND SUFFOLK COUNTIES,
NEW YORK,



**COMPLAINT**

Plaintiffs,

CV-03-    SEYBERT, J.

-against-

LINDSAY, M.J.

LIGHTING MAINTENANCE INC.

Defendant.

-------------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ MAY – 8 2003 ★
BROOKLYN OFFICE

Plaintiffs, by their attorneys, RICHARDSON MAHON CASEY & ROONEY, LLP for
their amended complaint, respectfully allege:

1.      This is an action against LIGHTING MAINTENANCE INC. (the "Defendant") arising

under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §

1001 *et seq.* ("ERISA"), the Labor Management Relations Act of 1947 ("LMRA"), 29

U.S.C. § 152 *et seq.,* to recover delinquent contributions owed to employee fringe benefit

trust funds and to audit the books and records of Defendant.

## JURISDICTION AND VENUE

2.      The subject matter jurisdiction of this Court is invoked pursuant to Sections 502 and 515

of ERISA, 29 U.S.C. §§ 1132 and 1145, and principles of supplemental jurisdiction.

3.      Venue is properly laid in the Eastern District of New York pursuant to Section 502(e)(2)



of ERISA, 29 U.S.C. § 1132(e)(2) in that, as shown below, the subject Funds are administered in the County of Suffolk, State of New York.

## THE PARTIES

4. Plaintiff, JOHN W. GILDAY, is the Executive Director of the ELECTRICAL INDUSTRY BOARD OF NASSAU AND SUFFOLK COUNTIES, NEW YORK (the "EIB"), and is a "Fiduciary" within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

5. The EIB is an unincorporated association established pursuant to the New York State General Association Law, having its principal office for the transaction of business at 372 Vanderbilt Motor Parkway, Hauppauge, New York 11788.

6. Plaintiff, ROY RICHEY, is the Chapter Manager of the Long Island Chapter of the NATIONAL ELECTRICAL CONTRACTORS ASSOCIATION, INC. ("NECA") and is a "Fiduciary" within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

7. The Long Island Chapter of the NECA is a corporation organized and existing by virtue of the laws of the State of New York, having its principal office for the transaction of business at 6080 Jericho Turnpike, Suite 318, Commack, New York 11725.

8. The EIB was created pursuant to a Collective Bargaining Agreement (the "Agreement") between NECA and Local Union No. 25 of the International Brotherhood of Electrical Workers ("Local 25").

9. Pursuant to the terms of the aforesaid Agreement, the EIB is contractually obligated to administer certain fiduciary wage and fringe benefit supplement funds (the "Funds") provided for under the terms of the Agreement. Such Funds are identified by the

following designations:

a) Health and Benefit Fund; b) Vacation Holiday Trust Fund; c) Pension Fund; d) Annuity Fund; e) Joint Apprenticeship and Training Fund; f) 401(k) Trust Fund; g) Electrical Industry Board A.B.C. Fund; and h) the National Electrical Benefit Fund.  Each of such Funds were created under separate Trust Indentures for the benefit of employees pursuant to Section 302 of the LMRA, 29 U.S.C. § 186, as amended, and other federal statutes.

10.   The Health and Benefit Fund, Vacation Holiday Trust Fund, Joint Apprenticeship and Training Fund, Electrical Industry Board A.B.C. Fund and National Electrical Benefit Fund are employee welfare benefit plans within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(1), established for the purpose of providing medical and other benefits to the employees of contributing employers.

11.   The Pension Fund, Annuity Fund and 401(k) Trust Fund are employee pension benefit plans within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), established for the purpose of providing retirement income to employees.

12.   JOHN DOE and JANE DOE are beneficiaries of the aforesaid employee benefit plans within the meaning of Section 3(8) of ERISA, 29 U.S.C. § 1002(8).

13.   The Funds constitute multi-employer employee benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37).

14.   Upon information and belief, Defendant is a corporation organized under and existing by virtue of the laws of the State of New York, doing business in the State of New York, with their principal places of business for the transaction of business located at 42 Avenue A, Port Washington, New York, 11050.



15.     Upon information and belief, Defendant is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

## AS AND FOR A FIRST CAUSE OF ACTION

16.     Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered "1" through "15" inclusive, with the same force and effect as though more fully set forth at length herein.

17.     At all relevant times, Defendant was legally bound by the terms and conditions of the relevant Agreement between NECA and Local 25.  *See Exhibit A.*

18.     Pursuant to the terms and conditions of the Agreement, the EIB is contractually obligated to administer said agreement and to administer the fiduciary wage supplement funds provided for thereunder, which Funds are fully set forth in Paragraph 9 above.

19.     Pursuant to the Agreement, Defendant is obligated to file employment reports and make contributions to the Funds in accordance with the Regulations and Plans adopted by the Trustees of the respective Fiduciary Funds.

20.     At all times relevant herein, Defendant employed Local 25 members in Nassau and Suffolk Counties, New York.  Based upon such employment and pursuant to the terms and conditions of the Agreement, the Defendant was obligated to pay contributions to each of the Funds, the amount of such contributions to be based upon the weekly gross labor payroll of the Defendant and the total weekly pay hours of their respective employees.

21.     Contractors, such as Defendant who sign a Letter of Assent to be bound by the Agreement are required to make contributions to the various funds administered by the EIB.  *See Exhibit B.*



22. That, despite repeated efforts by the EIB to collect the contributions owed, the Defendant remains delinquent in making the proper contributions.

23. Upon information and belief, the contractually required contribution owed by the Defendant to the Funds cannot be determined because the Defendant has not have filed accurate employment reports since January, 1998 to date in which it was required to make contributions as required by the Agreement and Section 209 of ERISA, 29 U.S.C. § 1059.

24. Upon information and belief, the Defendant has paid no part of the contributions it owes to the Funds.

25. The Trust Indentures establishing the Funds referred to in Paragraph 9 above, as well as the Rules and Regulations of the EIB in effect at the time of the Defendant's defaults, omissions and breaches of the aforesaid Agreement provided as follows:

Without limiting the general powers of the Trustees, the Trustees of each Fund, directly, jointly, or through the Electrical Industry Board shall have the power to require any Employer, and an Employer when so required, shall furnish to the Trustees, such information and reports as they may require to collect contributions to the Trusts. The Trustees of each Fund, directly, jointly, or through the Electrical Industry Board or any other authorization agent or representative shall have the right, at all reasonable times during business hours, to enter upon the premises of the Employers to examine and copy such of books, records, papers, and reports of said employers as may be necessary to permit the Trustees to determine whether said Employers are making full payment to the Trustees of the amounts required by the Collective Bargaining Agreement. In addition to all other procedures and remedies available to the Trustees to enforce the payment of the Employer Contributions to the Funds, the Trustees shall have the power to require any Employer who does not make proper and timely contributions as required by this Collective Bargaining Agreement to pay, in addition to such contributions found due and owing:

   A.    Interest per annum on the amount due at 1% above the best interest rate charged by the bank named for that purpose in the Trust Agreements to substantial and responsible commercial borrowers as of the date of the Employer's default in contributions to the Fund, provided, however, that such interest shall not be less than 6% per annum.



B.      Any expenses incurred in the auditing of such Employer's books and records, and all other expenses incurred to effect collection of delinquent monies owed to the Fund including, where court action has been instituted, attorneys' fees and costs.

C.      In addition to the foregoing, an amount equal to or greater than the (i) interest on unpaid contributions at 1% above the best interest rate charged by the bank named for that purpose in the Trust Agreements to substantial and responsible commercial borrowers as of the date of the Employer's default in contributions to the Fund or (ii) liquidated damages in an amount of twenty percent (20%) of the unpaid contributions, whichever is greater.

26.     As a direct and proximate result of the Defendant's defaults, omissions and breaches of the aforesaid Agreement, as a contractual party thereto, as well as the failure of the principal officers and shareholders thereof to comply with the pertinent Federal and New York State statutes applicable thereto, the Plaintiffs have sustained damages in an amount to be determined and will continue to sustain similar and additional damages until all fiduciary fund benefit contributions now due and owing together with accumulated interest, penalties and other allowable statutory expenses are paid in full.

## AS AND FOR A SECOND CAUSE OF ACTION

27.     Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered "1" through "26" inclusive, with the same force and effect as though more fully set forth at length herein.

28.     Under the terms of the aforementioned Agreement and ERISA, an employer is required to make payments to the Funds based on an agreed sum or percentage for each employee hour of its hourly payroll worked or wages paid in covered employment, and to report such employee hours and wages to the Funds.

29.     Under the terms of the EIB's Rules and Regulations, Declaration of Trust, Agreement,




State law and ERISA, Plaintiffs are entitled to audit the Defendant's books and records.

30. Upon information and belief, Defendant may have under-reported the number of employees, the amount of employee hours and wages paid to their employees and the contributions due.

31. The EIB has made due demand upon Defendant for an audit of Defendant's books and records. This demand has been, and continues to be, ignored.

## AS AND FOR A THIRD CAUSE OF ACTION

32. Plaintiffs, repeat and reallege paragraph 1 through 31 hereof with the same force and effect as if such were set forth here in full.

33. On October 29, 2002, at approximately 11:00 a.m., the Labor Management Committee ("LMC") of the EIB, as called for in Article I of the Agreement, met to hear the alleged violation of the Agreement by Defendant.

34. After having taken the oath prescribed by law, representatives of the EIB and Defendant duly appeared before the LMC and were afforded a full opportunity to present their written evidence, testimony and argument.

35. After having fully considered all of the facts and proofs in evidence and entered into controversy, the LMC determined, among other things, the following:

   a. In regard to the alleged violation of Article IV, Section 6.01-6.02, the LMC found that benefits are due on John Kenny, social security number 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, for the period of October 20, 2002 through February 2, 2001 as identified on the Foreman's and Shop Steward's Reports;

   b. In addition, Defendant will make appropriate benefit contributions as per the current agreement for all hours which John Kenny performed bargaining unit



work as determined under the scope of the Agreement;

c.   Defendant will also be responsible for interest on late benefit payments as called

for in Article VI, Section 6.01A of the Agreement from the date they should have

been paid until received by the EIB;

d.   Defendant shall comply with an audit of payroll records from 1998 to present to

determine if appropriate benefit payments have been made pursuant to the

Agreement.

36.   To date, Defendant has failed to abide by the LMC's Decision dated October 29, 2002.

*See Exhibit C.*

**WHEREFORE**, Plaintiffs demand judgment on the First Cause of Action as against

Defendant as follows:

1.   Of the Defendant in an amount to be determined plus any additional monies that may be

determined to become justly due and owing to the Funds during the pendency of this

action and before final judgment, together with:

2.   Prejudgment interest, computed at the plan rate or the applicable United States treasury

rate from the date on which the first payment was due, on the total amounts owed by the

Defendant, in accordance with Section 502(g)(2)(B) of ERISA, 29 U.S.C. §

1132(g)(2)(B);

3.   Penalty interest or liquidated damages as provided for in the Agreement and Trust

Indentures referred to herein and in accordance with Section 502(g)(2)(C) of ERISA, 29

U.S.C. § 1132(g)(2)(C); and

4.   Attorneys' fees, costs and disbursements in accordance with the Agreement and Trust

Indentures referred to herein and in accordance with Section 502(g)(2)(D) of ERISA, 29



U.S.C. § 1132(g)(2)(D).

5.   All other costs permitted by the Agreement and Trust Indentures referred to herein.

WHEREFORE, Plaintiffs demand judgment on the Second Cause of Action as against Defendant as follows:

1.   An order requiring Defendant to submit all books and records to the Plaintiffs for audit at its cost in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E);

2.   Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E); and

3.   That Plaintiffs have such other, further and different relief as to the Court may deem just and proper, together with the costs and disbursements of this action.

WHEREFORE, Plaintiffs demand judgment on the Third Cause of Action as follows:

1.   An Order of this Court confirming the Decision of the LMC against Defendant dated October 29, 2002 against Defendant;

2.   An Order of this Court directing that Defendant comply with the aforesaid Decision of the LMC;

3.   An Order of this Court directing entry of judgment herein in accordance with the terms of the LMC

Dated: New York, New York
       May 6, 2003

                              RICHARDSON MAHON CASEY & ROONEY, LLP

                   By:  _____
                              Stanley Q. Casey (SC-3803)
                              Attorneys for Plaintiffs
                              1270 Avenue of the Americas, Suite 2911
                              New York, New York  10020
                              (212) 332-2200

# SEE COURT FILES FOR

# EXHIBIT(S)